214

MORGAN et al. v. UNITED STATES et al.*
Nos. 2328, 2329, 2379.

District Court, W. D. Missouri, W. D.
June 12, 1938.

John B. Gage, of Kansas City, Mo., for plaintiff.

Maurice M. Milligan, U. S. Atty., and Thomas Costolow, Asst. U. S. Atty., both

*See 59 S.Ct. 85, 83 L.Ed. —.

of Kansas City, Mo., and Wendell Berge, of Washington, D. C., for defendants.

Before VAN VALKENBURGH, Circuit Judge, and REEVES and OTIS, District Judges.

PER CURIAM.

The matters for decision are the motion of the defendants for an order staying the distribution of impounded moneys and the motion of petitioners for their distribution. These matters arise in the manner now to be stated.

Under date of June 14, 1933, the Secretary of Agriculture issued an order fixing maximum rates and charges for stockyard services rendered by petitioners at the Kansas City Stockyards in Kansas City, Missouri. By bills filed July 19, 1933, petitioners sought injunctive relief against enforcement of that order. This Court (July 22, 1933) temporarily restrained its enforcement upon the following condition imposed in each of the companion cases— "that the petitioner shall deposit with the Clerk of this Court on Monday of each and every week hereafter while this order, or any extension thereof, may remain in force and effect and pending final disposition of this cause, the full amount by which the charges collected under the Schedule of Rates in effect exceeds the amount which would have been collected under the rates prescribed in the Order of the Secretary, together with a verified statement of the names and addresses of all persons upon whose behalf such amounts are collected by petitioner."

By agreement of counsel the temporary restraining orders, so conditioned, were continued in effect pending final hearing. Decrees dismissing the bills were entered December 20, 1934. See this case, D.C., 8 F.Supp. 766. Petitioners appealed. The Supreme Court on May 25, 1936, reversed the decrees and remanded the cases for a determination of the question whether the Secretary had accorded petitioners "a full hearing" as required by law. 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288. After the remand and a presentation anew of all issues, this court held that petitioners had been accorded the hearing required by law and again entered decrees dismissing the bills (July 9, 1937). Petitioners again appealed. The Supreme Court on April 25, 1938, 58 S.Ct. 773, 82 L.Ed. 1129, reversed outright the decrees of this Court, on the

ground that the Secretary had not accorded the petitioners the "full hearing" required by law. On May 31, 1938, 58 S.Ct. 999, 82 L.Ed. 1129, a petition for rehearing was denied and the cases remanded for further proceedings in accordance with the opinion of the Supreme Court. Pursuant to the mandate of the Supreme Court this Court now has entered its final decrees setting aside the decrees of July 9, 1937, and permanently enjoining the enforcement of the Secretary's order of June 14, 1933.

The Clerk of this Court has in his custody sums aggregating $586,093.32 paid to him by petitioners in accordance with the condition upon which restraining orders were issued, as above set out. Petitioners ask that the sums so deposited be returned to them. Defendants move that the distribution of the moneys be stayed until the termination of such litigation, if any, as shall follow an order the Secretary may make hereafter, after he has accorded petitioners such a hearing as is required by law (which now he offers to do), in which order he will prescribe the maximum rates and charges for stockyard services rendered by petitioners, the order to be retroactively effective as of and from June 14, 1933.

■ 1. We consider that the motion of defendants has not the faintest shadow of merit. The Supreme Court twice has said that the order of June 14, 1933, was invalid. Pursuant to the mandate of the Supreme Court this court permanently has enjoined enforcement of that order and has dissolved the restraining orders heretofore issued. The fund in the Clerk's custody belongs to petitioners. It was deposited by them as security that if the Secretary's order of June 14, 1933, should be held valid those from whom excess charges had been collected would be reimbursed. The fund was deposited upon the clear understanding that if the order should be held invalid and its enforcement enjoined the fund would be returned to petitioners. The orders under which the fund was accumulated are susceptible of no other interpretation.

If this Court did not now order the return to the petitioners of the moneys deposited by them the Court itself would be guilty of bad faith. The petitioners deposited the moneys on the understanding and assurance that the fund so created would be returned if the Secretary's order

were held invalid. The order has been held invalid and its enforcement enjoined.

■ 2. We do not consider that the Secretary's contention that he now can make an order prescribing rates and charges which shall be effective as of June 14, 1933, and which shall supersede rates and charges, lawfully in effect then and thereafter, has any shred of reason or law to support it. It is directly opposed to the very words of the Act authorizing the Secretary to prescribe rates and charges. The language of the Act is that the rates and charges the Secretary is authorized to prescribe shall be determined and prescribed "after full hearing" (and there has been no such hearing), and that when they have been so determined and prescribed they shall "be *thereafter* observed."

Defendants' Motion for an Order Staying Distribution of Impounded Moneys is overruled. It is so ordered. An exception is allowed to defendants.

The motion (styled petition) of petitioners (styled plaintiffs) for an Order of Distribution is sustained in an order filed contemporaneously herewith. To that order defendants are allowed an exception.